UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

J. Lionel Perez,       )
                       )
    Plaintiff,    )
                       )
v.                     )   No. 16 CV 50217
                       )   Magistrate Judge Iain D. Johnston
Nancy A. Berryhill, Acting )
Commissioner of Social Security,[1] )
                       )
    Defendant.    )

## **MEMORANDUM OPINION AND ORDER**

This is a social security disability benefits appeal. The only issue is whether the case should be remanded based on new medical evidence submitted to the Appeals Council after the administrative law judge ("ALJ") already issued his decision. The Appeals Council concluded that this evidence was not relevant to the time period at issue and, therefore, could not be considered in reviewing the ALJ's decision. The Court finds no legal error in this ruling.

On March 22, 2013, plaintiff filed for Title II social security disability benefits, alleging that he was disabled because of his diabetes, hearing and vision loss, high blood pressure, high cholesterol, and joint pain (he specifically mentioned his left knee, left shoulder, and left pinky finger). R. 234. He was then 57 years old. Because this was a Title II claim, plaintiff had to establish he was disabled by his date last insured ("DLI"), which was March 31, 2015.[2] Nine months after the DLI, a hearing was held. When plaintiff was asked why he could not work, he stated that it was because of problems with his knees and hands. R. 57. As for his hand problems,

---

[1] Nancy A. Berryhill has been substituted for Carolyn W. Colvin. Fed. R. Civ. P. 25(d).
[2] *See Shideler v. Astrue* , 688 F.3d 306, 311 (7th Cir. 2012) ("[W]hatever condition the claimant may be in at his hearing, the claimant must establish that he was disabled before the expiration of his insured status [] to be eligible for disability insurance benefits.").

1

which are the focus of this appeal, plaintiff stated that he had "a lot of pain" and could not twist a bottle cap. R. 59. He stated that his doctors told him that he had arthritis.

Three months later after the hearing, on March 3, 2016, the ALJ issued a decision finding plaintiff not disabled. The ALJ concluded that plaintiff could perform his past relevant work as a fruit packer and painter. The ALJ discussed plaintiff's treatment for diabetes, noting that doctors consistently found that it was controlled with no complications. As for plaintiff's claim of arthritis and joint pain, the ALJ noted that plaintiff had an MRI in July 2015 based on reports of left shoulder pain and left finger numbness. However, the ALJ noted that record was "silent" about these symptoms "before this date," and plaintiff had not been on any "specific pain medication" other than taking an anti-inflammatory medication. R. 19. The ALJ noted that the MRI "probably does not reflect advanced or end-stage arthritis," that plaintiff's arthritis "was so non-descript that the only medication [he] was taking for pain was Ibuprofen," and that plaintiff had received no orthopedic referral. *Id.*

Two months after the ALJ issued his decision, plaintiff's counsel submitted new evidence to the Appeals Council, which was then considering his administrative appeal. This evidence consisted of (1) treatment records covering plaintiff's visits to Dr. Frederick Dietz, a rheumatologist, in February 2016; and (2) progress notes from plaintiff's visits to Dr. Vazquez on December 15, 2015, and March 4, 2016 (collectively, the "new evidence"). On June 2, 2016, the Appeals Council concluded that, because plaintiff's DLI was March 31, 2015, the new evidence was "about a later time" and therefore would not affect whether he was disabled within that earlier period. Aside from this brief statement, the Council provided no further explanation.

In this appeal, plaintiff challenges only the Appeals Council's ruling.[3] Both sides agree on the general legal framework for new evidence in this type of situation. It is a complex standard, with two scenarios (one reviewable and one non-reviewable) depending on how the Appeals Council addressed the evidence.[4] The parties here agree that the Appeals Council's decision reflects a finding that the new evidence was not material because it did not relate to the relevant period. Because the Appeals Council ruled this way, this Court is allowed to review that decision. The parties describe the issue now before the Court as whether the Appeals Council was correct in finding that the new evidence was not material or not time-relevant, two formulations that essentially address the same question.

Plaintiff acknowledges that the new evidence consists of doctor visits that took place many months after the DLI. However, relying on a HALLEX section about new evidence,[5] plaintiff argues that this evidence can still be considered material and time-relevant if it is "reasonably related" to the period at issue. Dkt. #9 at 8-9 (citing HALLEX section I-3-3-6). At the same time, plaintiff recognizes that this HALLEX rule also specifically states that new evidence cannot be considered material if it "merely shows a worsening of the claimant's conditions post DLI." *Id.* at 9. The Government does not challenge the applicability of the rules set forth in this HALLEX, nor otherwise point to any other case law offering further guidance.

---

[3] In his opening brief, plaintiff complained about a few portions of the ALJ's original decision. Specifically, he asserted that the ALJ wrongly found that plaintiff made inconsistent statements about the amount of schooling he received in Mexico and that the ALJ wrongly found that plaintiff was bilingual when (according to plaintiff) his English was more limited. However, as clarified through the briefing process, these two issues only relate to a separate argument based on the GRIDS. In his reply, plaintiff conceded that the GRIDS argument was not relevant if plaintiff could perform light work and frequent handling, issues which the new evidence related to. In sum, the Court does not understand plaintiff to be arguing that there was not substantial evidence to support the ALJ's original ruling—*i.e.* before the new evidence was submitted. To the extent that plaintiff intended to make such an argument here, it has been waived because it is undeveloped. *See Baker v. Colvin*, 2015 WL 719604, *4 (N.D. Ill. Feb.18, 2015) ("undeveloped" arguments are deemed waived).
[4] For a more complete explanation of the two standards, *see Stepp v. Colvin,* 795 F.3d 711, 721-25 (7th Cir. 2015); 20 C.F.R. § 404.970.
[5] HALLEX is an abbreviation for the Social Security's internal operating procedures contained in the Hearings, Appeals, and Litigation Law Manual. *See Stepp*, 795 F.3d at 724, n.6.

Instead, the Government makes a factual argument, asserting that a closer examination of the new evidence reveals that it does not relate to the pre-DLI period. The Court finds this argument persuasive.

Plaintiff relies on several findings from the new evidence. The key point, according to plaintiff, is that Dr. Dietz diagnosed him with "seropositive rheumatoid arthritis." R. 31. This diagnosis was made on February 3, 2016, during plaintiff's first visit to Dr. Dietz, which took place almost eleven months after the DLI. According to plaintiff, this particular diagnosis was significant because it confirmed that he was suffering from a "more sinister disease process than age-related degeneration." Dkt. #9 at 8. Plaintiff also notes that he visited Dr. Vazquez on December 15, 2015 and that Dr. Vazquez observed that plaintiff had swelling in his right wrist. Plaintiff finally relies on a wrist x-ray taken during this general period. According to plaintiff, this evidence "corroborate[s] [his] testimony about difficulties using his hands." *Id.* at 9. The gist of plaintiff's argument is that the ALJ would be able to extrapolate from this evidence and make a judgment about plaintiff's condition before March 31, 2015. As plaintiff stated in his reply brief, "[d]egeneration is typically not a quick process." Dkt. #17 at 4.

The problem with plaintiff's reliance on this type of general inference is that it is undercut by specific findings contained in the new evidence. Consider the February 3, 2016 visit with Dr. Dietz. In his notes from this visit, Dr. Dietz wrote the following in the "History of Present Illness" section: "Onset of joint pain back in the summer of 2015 with gradual progression to involve the shoulders, right worse than left, the wrist and hands, right worse than left, and left knee." R. 30. The reference to the "onset" of joint pain as occurring in the summer of 2015—several months after the DLI—suggests that the problem was not significant before then. Moreover, this statement, which was based on plaintiff's own summary of his condition,

4

suggests that the wrist pain only "gradually" emerged even later than the onset in the summer of 2015, further undermining plaintiff's theory. In these same notes, Dr. Dietz examined plaintiff and noted that his right wrist was swollen and tender but also noted that the following: "Grip strength is mildly impaired of the right hand. The left hand shows no swollen, tender joints. Grip strength is better." R. 31. Dr. Dietz noted that "X-rays of the hands and knees are unhelpful." *Id.* This evidence does not support plaintiff's claim that these problems were significant before March 31, 2015.

Other findings from this same evidence confirm this point. As for wrist x-rays, one doctor (Dr. Clark) reviewed an x-ray on February 3, 2015 and concluded that it revealed only mild joint swelling that was compatible with "very early rheumatoid arthritis." R. 35. The reference to "very early" arthritis again cuts against plaintiff's theory that this evidence would be probative of his condition almost a year earlier. A similar analysis applies to plaintiff's visits with Dr. Vazquez. Although Dr. Vazquez observed "some swelling" in plaintiff's right wrist on December 15, 2015, Dr. Vazquez also stated that an x-ray only showed "*mild* scattered arthritic changes." R. 44 (emphasis added).

In this Court's view, these findings undermine plaintiff's theory that his wrist and hand problems were a significant pre-DLI and instead are more consistent with a gradual worsening of these problems emerging mostly *after* the DLI, the very scenario that HALLEX I-3-3-6 states may not be used to bring in new evidence. This conclusion is also confirmed by the fact that the first reference to hand pain in plaintiff's summary of the medical evidence in his opening brief occurred in May 2015—several months after the DLI. Dkt. # 9 at 2. Also, contrary to plaintiff's suggestions, the ALJ did not ignore plaintiff's arthritis allegations. As summarized above, the ALJ gave multiple reasons for concluding that plaintiff's problems were not significant. For

5

example, the ALJ noted that plaintiff "admitted *in June 2015* that he felt well overall." R. 18 (emphasis added).

For all the above reasons, the Court finds no error in the Appeal's Council's conclusion that the new evidence was not time-relevant or material and therefore grants the Government's motion for summary judgment and denies the plaintiff's motion for summary judgment.

Date: August 18, 2017        By: _____
                                                           Iain D. Johnston
                                                           United States Magistrate Judge